JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority. The majority uses one judgment date for the purpose of creating a lien on the Stoddard property and a second modified judgment date for the purpose of extending the statute of limitations for execution on the judgment. While that may accomplish the intended result, it seems internally inconsistent to me.
The judgment pursuant to which the Gookins’ lien on the real estate arose was entered on February 2, 1982. However, that judgment was only for the amount of $28,000.
One-third of Stoddard’s interest in the real estate was conveyed to Huntley on April 6,1982. If it was subject to a lien, it was subject only to the hen created by the February 2, 1982, judgment.
On June 2,1986, a second judgment was entered in favor of Gookin for the additional amount of $104,000. However, at that time Stoddard no longer owned one-third of the land to which the original judgment attached. That interest had been conveyed to Huntley.
The only basis for any lien against Huntley’s interest in the real estate would have to arise from the 1982 judgment. However, § 25-9-301, MCA, is very clear to the effect that that judgment expired six years after it arose. It provides in relevant part that:
(2) From the time the judgment is docketed, it becomes a lien upon all real property of the judgment debtor not exempt from execution in the county, owned by him at the time or which he may afterward acquire until the lien ceases. The lien continues for 6 years unless the judgment be previously satisfied.
The majority distinguishes Marlowe v. Missoula Gas Co. (Mont. 1923), [68 Mont. 372,] 219 P. 1111, which previously interpreted the statute. However, the statute requires no interpretation. The only lien which gives the Gookins any right to execute on the Huntley *307 property was created by a February 2, 1982, judgment and was not enforced within six years. After six years it expired. No execution was issued in this case until November 3,1989, more than six years after the lien was created. Therefore, there was no basis for issuing the writ of execution.
The majority chooses to rely on the 1982 judgment for the purpose of creating a lien which is enforceable against Huntley, and yet relies on the 1986 judgment for the purposes of commencing the statute of limitations within which the lien had to be enforced. Picking and choosing starting dates in this fashion is not defensible on the basis of any authority mentioned in the majority opinion, or that I am otherwise familiar with.
For these reasons, I dissent from the opinion of the majority.